W. SHARP, J.
Holmes Regional Medical Center, Inc. (Holmes) seeks certiorari review of the trial court’s discovery order, which grants the plaintiffs/respondents’, Susan Neal and Steven M. Neal (“the Neals”), motion to compel Holmes to answer supplemental interrogatories numbered 119 through 214. In another proceeding, Holmes also seeks review of a discovery order compelling Holmes to answer supplemental interrogatories 361, 362 and 367. Because the two proceedings involve the same issues, we consolidate them for disposition.
Holmes contends the information sought is privileged under sections 395.0191(8), 395.0193(7) and 766.101(5), Florida Statutes. These statutes all provide that: “The investigations, proceedings, and records of’ [a committee, the board, the peer review panel, a committee, a disciplinary board] regarding medical malpractice and related matters, participants in the process at hospitals for disciplining and investigating physicians, and committees of licensed health facilities who consider applications of doctors for staff membership or clinical privilege shall not be subject to discovery or introduction in evidence in civil cases. We deny the writ because at this point in the discovery process we do not think privileged matter will be disclosed.
The Neals filed a medical malpractice action against Holmes and various other healthcare providers, based on injuries sustained by Susan Neal while undergoing surgery at Palm Bay Community Hospital, which is owned and operated by Health-first, Inc. and Holmes. At issue are the supplemental interrogatories which required yes or no answers from Holmes. Interrogatories 361, 362 and 367 also seek limited information as to date, name of contact and type of communication. They all require Holmes to disclose whether it had obtained from an outside source, certain information concerning Dr. Alfonso Sainz, who in the underlying lawsuit, allegr edly caused Susan’s damages. The trial court interpreted the word “obtained” in each interrogatory to mean “to have made inquiry regarding.”
We agree with Holmes that the quoted statutes protect the investigations, proceedings and records of hospital committees involved in the initial granting of staff privileges to a physician, and peer review committees involved in recreden-tialing, and committees formed to evaluate and improve health care rendered by health service providers. However, those sections safeguard the substance of information and documentation obtained by hospital committees, and the discussion and disclosure of information by the participants. The interrogatories in this case are addressed to Holmes, not one of the committees, and they simply ask (as limited by the trial judge) whether Holmes made inquiry or obtained information about Dr. Sainz, and in interrogatories 361, 362 and 367 the date, name of contact *434 and type of communication' — not the substance of such inquires, or whether such information was even considered by the committees.
Petition for Writ of Certiorari DENIED.
PETERSON and THOMPSON, JJ., concur.